UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| IN RE: )<br>)<br>JAMES RAY ELSWICK and )<br>LISA E. ELSWICK, )<br>)<br>    Debtors, )<br>_____ )<br>)<br>JAMES RAY ELSWICK, et al., )<br>)<br>    Plaintiffs/Appellants, )<br>)<br>V. )<br>)<br>MARK MILLER, et al., )<br>)<br>    Defendants/Appellees. )<br>) | Civil Action No. 3: 11-87-DCR<br>(Bankruptcy No. 11-30641)<br><br><br><br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

*** *** *** ***

This matter is pending for consideration of Appellants James Ray Elswick and Lisa E. Elswick's appeal of the bankruptcy court's order sustaining the Trustee's objection to Mr. Elswick's claimed exemption in his wife's inheritance from her mother. [Record No. 1] Mr. Elswick argues that he holds a valid interest in the property under section 392.020 of the Kentucky Revised Statutes ("KRS"). He asserts that, because his dower interest is part of his bankruptcy estate, the bankruptcy court erred when it ruled that he could not claim an exemption in the inheritance. For the reasons explained below, the Court will reverse and remand the decision of the bankruptcy court.

## I.   BACKGROUND

Appellants James Ray Elswick and Lisa E. Elswick are married and reside in Shelby County, Kentucky. In 2010, Mrs. Elswick inherited a one-third interest in the estate of her mother, June R. Neeley. [Record No. 7, p. 1] The value of this inheritance is $22,293.64. [*Id.*]

The Elswicks filed jointly for bankruptcy on September 23, 2011. In Schedule B of their petition, they listed a one-third interest in the Estate of June R. Neeley among their personal property.[1] [Record No. 1-5, p. 13] In Schedule C, the Elswicks claimed the entire inheritance as exempt. [*Id.*, p. 16] Trustee Mark Miller objected to this claimed exemption, asserting that Mrs. Elswick "is the only one who can claim an exemption on this inheritance." [Record No. 1-6, p. 1] Thus, he argued, she had "over claimed the maximum amount allowed to her under 11 U.S.C. § 522(d)(5)." [*Id.*]

The bankruptcy court held a hearing on the matter on November 17, 2011, and then issued a decision sustaining the Trustee's objection. [Record No. 1-3] The court first found that the inheritance was not marital property. [*Id.*, p. 1 (citing KRS § 403.190(2)(a))] Having concluded that the inheritance was only the property of Mrs. Elswick, the court turned to Mr. Elswick's argument that he had an inchoate dower interest in the inheritance. The court rejected this argument, acknowledging that "it is clear that a debtor is entitled to claim an exemption in a dower interest in real estate" [*Id.*, p. 3], but refusing to "expand the right to claim an exemption in a dower interest in real estate to personalty." [*Id.*, p. 4] The Elswicks timely appealed.

---

[1]   The inheritance was listed as marital property. [Record No. 1-5, p. 13]

##      II.     STANDARD OF REVIEW

A district court reviewing a bankruptcy court's decision functions as an appellate court, applying the standards of review normally applied by federal appellate courts. *In re H.J. Scheirich Co.*, 982 F.2d 945, 949 (6th Cir. 1993). "On appeal from a bankruptcy court, a district court applies the clearly erroneous standard of review to findings of fact, and reviews questions of law *de novo*." *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir. 2004). The *de novo* standard requires a court to review the legal conclusions reached without regard to the bankruptcy court's prior findings of law. *First Union Mortg. Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998). A finding of fact, on the other hand, is only clearly erroneous if the reviewing court, after considering all the evidence, is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

##     III.     ANALYSIS

The Trustee objected to Mr. Elswick's claimed exemption on the grounds that he had no "legally sustainable claim to an ownership interest in his wife's inheritance." [Record No. 7, p. 2] Mr. Elswick asserts that the exemption was proper because he has an "inchoate dower interest in his wife's inheritance." [Record No. 5, p. 3] The Trustee bears the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c).

A debtor is permitted to exempt certain property from the bankruptcy estate, "thereby excluding the exempted property from bankruptcy administration and distribution to creditors." 9A Am. Jur. 2d *Bankruptcy* § 1412 (2012). The Elswicks claimed the exemption in the Estate

of June Neeley under the "wildcard" provision of the Bankruptcy Code, which permits an individual debtor to exempt his or her "aggregate interest in any property, not to exceed in value $1,150 plus up to $10,825 of any unused amount of the [residence] exemption."[2]  11 U.S.C. § 522(d)(5).  Although it is undisputed that Mrs. Elswick is entitled to claim an exemption in the inheritance, Mr. Elswick may only do so if he has a property interest in the inheritance.

To determine whether a debtor may claim an exemption in certain property, the Court must first consider whether that property is included in the debtor's bankruptcy estate.  *See In re Montanez*, 233 B.R. 791, 795 (Bankr. E.D. Mich. 1999) (citing *First Bank of Linden v. Sloma (In re Sloma)*, 43 F.3d 637, 640 (11th Cir. 1995)).  In a joint case, each debtor is presumed to have a separate estate.  *See* 11 U.S.C. § 302.  Thus, the "exemptions available to each co-debtor may only be claimed from his or her separate estate."  *In re Cohen*, 263 B.R. 724, 726 (Bankr. N.J. 2001).  Because Mrs. Elswick's inheritance is not property of the marriage, the Court must decide whether Mr. Elswick's interest in the inheritance constitutes property of his separate bankruptcy estate.

The property of a debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The term "property of the estate" is broad and far-reaching.  *See Weingarten Nostat, Inc. v. Serv. Merchandise Co.*, 396 F.3d 737, 742 (6th Cir. 2005).  Indeed, "'every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of

---

2  The wildcard provision can be reduced if the debtor claims an interest in his or her residence. 11 U.S.C. § 522(d)(5).  Because the Elswicks did not claim any exemption in a residence, they are both permitted the full wildcard exemption.  *See id.*

§ 541.'" *Azbill v. Kendrick (In re Azbill)*, No. 06-8074, 2008 WL 647407 (B.A.P. 6th Cir. Mar. 11, 2008) (quoting *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993)).[3] Therefore, even a "contingent future interest is a legally cognizable interest, and thus property of the estate." *In re Edmonds*, 273 B.R. 527, 529 (Bankr. E.D. Mich. 2000).

The law of the debtor's state determines whether a particular interest is a property right that qualifies under the Bankruptcy Code's sweeping definition of "property of the estate." *Crysen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1101 (2d Cir. 1990); *see Abele v. Phoenix Suns Ltd. P'ship (In re Harrell)*, 73 F.3d 218, 219-20 (9th Cir. 1996) (holding that the opportunity to renew season tickets is not a property interest because, under Arizona law, "a mere expectation of renewal of an interest in property is not a property right"). In other words, "'property' and 'interests in property' are creatures of state law." *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992); *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1172 (6th Cir. 1990) ("[T]he nature and extent of the debtor's interest are determined by state law.").

Here, Mr. Elswick asserts that he has a valid dower interest in his wife's inheritance under Kentucky law. [Record No. 5, p. 3] The common law rule of dower is altered by statute in Kentucky so that a surviving spouse is entitled to a share of the deceased spouse's personal property, in addition to his or her real property. The statute provides:

> After the death of the husband or wife intestate, the survivor shall have an estate in fee of one-half (½) of the surplus real estate of which the other spouse or

---

[3] The test of whether a debtor's interest constitutes property of the estate is not whether it can be liquidated and collected. *See Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir. 2000) (holding that the federal Earned Income Tax Credit is property of the estate).

> anyone for the use of the other spouse, was seized of an estate in fee simple at the time of death, and shall have an estate for his or her life in one-third (1/3) of any real estate of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple during the coverture but not at the time of death, unless the survivor's right to such interest has been barred, forfeited or relinquished. The survivor shall also have an absolute estate in one-half (½) of the surplus personalty left by the decedent.

KRS § 392.020. The "purpose of the dower statute is to insure that a surviving spouse will not be left disinherited and destitute." *Hannah v. Hannah*, 824 S.W.2d 866, 868 (Ky. 1992).

The Trustee points out that KRS § 392.020 treats real property and personal property differently. He explains that the statute "dictates that a surviving spouse shall have an estate for his or her life in one third (1/3) of any real estate conveyed during the marriage without the surviving spouse's interest having been barred, forfeited or relinquished," yet it does not contain a similar provision for personal property. [Record No. 7, p. 4] Based on this distinction, the bankruptcy court explained:

> [T]he dower interest in real estate attaches to *all* real estate while the dower interest in personalty attaches only to one-half of the "surplus personalty" . . . Therefore, it is impossible to tell what personalty might be subject to a dower interest until the death of the spouse and until all debts of the probate estate have been paid.

[Record No. 1-3, p. 4] However, the statute's different treatment of real and personal property does not justify including a debtor's dower interest in his wife's realty in bankruptcy estate while simultaneously excluding his dower interest in her personalty.

Although it is true that the value of the dower right in personalty is impossible to predict before the death of a spouse, that does not disqualify it from constituting property of the estate. Mr. Elswick correctly points out that, although "it may be difficult to tell what personalty might

be subject to a dower interest until the death of the spouse and until all debts of the probate estate have been paid, that . . . is the nature of all inchoate rights." [Record No. 5, p. 7] According to the plain language of 11 U.S.C. § 541(a)(1), any legal interest in property is property of the estate, no matter how speculative.

In Kentucky, a spouse's dower right under KRS § 392.020 qualifies as a property right. In *Harris v. Rock*, the Kentucky Supreme Court explained that the "right to dower vests at the time of marriage or at the time of acquisition of subsequently acquired property."[4] 799 S.W.2d 10, 11 (Ky. 1990). Although dower is a "future interest contingent upon" surviving one's spouse, *First Union Home Equity Bank, N.A. v. Bedford Loan & Deposit Bank*, 111 S.W.3d 892, 894 (Ky. Ct. App. 2003), the contingent nature of the dower right does not place it outside the scope of 11 U.S.C. § 541(a)(1). Thus, Mr. Elswick's dower interest in his wife's inheritance is property of his bankruptcy estate.

Mr. Elswick contends that because his dower interest in the inheritance constitutes property of the estate, that interest may also be claimed as exempt. He points to a recent decision of the Bankruptcy Court for the Eastern District of Kentucky — *Gilchrist v. United Bank & Trust Co. (In re Gilchrist)*, 463 B.R. 1 (Bankr. E.D. Ky. 2011), *rev'd on other grounds*, 467 B.R. 114, 117 (E.D. Ky. 2012) — to support his position. [Record No. 5, p. 4 (citing *In re Gilchrist*, 463 B.R. at 7-8)] The court in *Gilchrist* found that a "debtor's inchoate dower interest [in realty] is considered property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)." 463 B.R. at 7.

---

4    This does not mean that dower is a present possessory right. Rather, the court in *Harris* used the term "vest" in the sense that a spouse's dower interest is an "immediate, fixed right of present or future enjoyment." Black's Law Dictionary (9th ed. 2009).

It then went on to conclude that the debtor may exempt that interest pursuant to the homestead exemption found in 11 U.S.C. § 522(d)(1). *Id.*

The Trustee asserts that *Gilchrist* can be distinguished from the present case. He asserts that while "a spouse always has a dower interest in their [sic] current spouse's real estate owned during the marriage," there is "no concomitant dower/curtesy interest created by KRS § 392.020 relative to personalty of a living spouse." [Record No. 7, p. 6] Meanwhile, Mr. Elswick attempts to equate realty and personalty by pointing out that "[i]n the case of personal property, a spouse does not have unfettered control." [Record No. 5, p. 6] Indeed, the courts of Kentucky have long observed a rule whereby any transfer of more than one-half of a person's personalty in an attempt to defeat the dower interest of his or her surviving spouse can be set aside. *See Harris*, 799 S.W.2d at 11. *But see Raichel v. Raichel*, 65 S.W.3d 497, 501 (Ky. 2001) (finding no dower interest in $42,000 cashier's check, which named another person as joint payee, because the check was not surplus personalty and the surviving spouse did not "claim at trial that the check was purchased to defraud her dower rights"). However, as the Trustee points out, each of the cases that discuss this rule involved "a death of the spouse . . . and it was thereafter discovered that there had been gross attempts to dispose of large amounts of personalty, pre-death and without consideration." [Record No. 7, p. 6]

The Court agrees that the Kentucky rule prohibiting "fraud on the surviving spouse" by invalidating the disposition of personal property "with intent to defeat a dower claim" does not reach so far as to give every married person a present interest in the personalty of his or her living spouse. *Harris*, 799 S.W.2d at 12. Moreover, this rule has never been used to invalidate

a transfer before the death of that spouse.[5]  Therefore, Mr. Elswick does not have a present interest in the personalty of his wife.  Nevertheless, as explained above, Mr. Elswick still has a contingent right in Mrs. Elswick's inheritance.  And the Trustee has not advanced any argument to support a conclusion that a contingent interest in property is incapable of being exempted under the wildcard provision of 11 U.S.C. § 522(b)(5).  Therefore, based on the plain language of the statute, the Court concludes that a debtor may claim an exemption for his contingent interest in an asset.  *In re Street*, 395 B.R. 637, 644 (Bankr. S.D. Ohio 2008) ("[A] debtor may claim an exemption in an asset even though his or her only interest in the asset is contingent.").

The Court does not rule, however, on the merits of Mr. Elswick's actual entitlement to the exemption in his wife's inheritance.  The court in *Gilchrist* noted that the debtor may only exempt his actual interest in real property, which "includes the present value of a debtor's inchoate dower interest."[6]  *Gilchrist*, 463 B.R. at 7.  This is consistent with the language of the Bankruptcy Code, which permits a debtor to exempt his "aggregate interest in any property, not to exceed in *value* $1,150 plus . . . $10,825."  11 U.S.C. § 522(d)(5).  The term "value" is in turn defined as the "fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes

---

5    Even if it had, the rule is not implicated in this matter because, as the bankruptcy court noted, the "transfer of Mrs. Elswick's inheritance is not prohibited in this case where the transfer is not being made by her for purposes of defeating Mr. Elswick's dower interest."  [Record No. 1-3, p. 4]

6    Similarly, in *In re Dzielak*, the Bankruptcy Court for the Northern District of Illinois held that a debtor has a right to claim an exemption in his or her contingent interest in certain property, but that the "exemption can *apply* only if the contingency ultimately occurs."  *In re Dzielak*, 435 B.R. 538, 548 (Bankr. N.D. Ill. 2010).

property of the estate." § 522(a)(2). Thus, only the fair market value of a debtor's contingent interest in property may be distributed to him as exempt.

### IV.  CONCLUSION

Mr. Elswick may claim an exemption in his inchoate dower interest the Estate of June Neeley. However, he may only apply the exemption to the extent of the fair market value of that interest. The Court, therefore, will reverse the bankruptcy court's decision and the matter will be remanded to the bankruptcy court to determine the value of Mr. Elswick's dower interest in his wife's inheritance. Based upon the foregoing analysis, it is hereby

**ORDERED** that the decision of the bankruptcy court is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion. All issues raised herein having been resolved, this appeal is hereby **DISMISSED** and **STRICKEN** from the Court's docket.

This 12th day of June, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge